STATE v. WM. LINKHAW.

The disturbance of a religious congregation by singing, when the singer does not intend so to disturb it, but is conscientiously taking part in the religious services, may be a proper subject for the discipline of his church, but is not indictable.

INDICTMENT for misdemeanor, tried before *Russell, J.,* at ROBESON Superior Court, Spring Term, 1873.

Defendant was indicted for disturbing a religious congregation. The evidence as detailed by several witnesses was substantially this: Defendant is a member of the Methodist Church; he sings in such a way as to disturb the con-

gregation; at the end of each verse, his voice is heard after all the other singers have ceased. One of the witnesses being asked to describe defendant's singing, imitated it by singing a verse in the voice and manner of defendant, which "produced a burst of prolonged and irresistible laughter, convulsing alike the spectators, the Bar, the jury and the Court."

It was in evidence that the disturbance occasioned by defendant's singing was decided and serious; the effect of it was to make one part of the congregation laugh and the other mad; that the irreligious and frivolous enjoyed it as fun, while the serious and devout were indignant. It was also in evidence (without objection) that the congregation had been so much disturbed by it that the preacher had declined to sing the hymn, and shut up the book without singing it; that the presiding elder had refused to preach in the church on account of the disturbance occasioned by it; and that on one occasion a leading member of the church, appreciating that there was a feeling of solemnity pervading the congregation in consequence of the sermon just delivered, and fearing that it would be turned into ridicule, went to the defendant and asked him not to sing, and that on that occasion he did not sing. It also appeared that on many occasions the church members and authorities expostulated with the defendant about his singing and the disturbance growing out of it. To all of which he replied: "That he would worship his God, and that as a part of his worship it was his duty to sing." Defendant is a strict member of the church, and a man of exemplary deportment.

It was not contended by the State upon the evidence that he had any intention or purpose to disturb the congregation; but on the contrary, it was admitted that he was conscientiously taking part in the religious services.

Defendant prayed the Court to instruct the jury that if

the defendant did not *intend* to disturb the congregation he was not guilty.

This instruction his Honor refused, and among other things, told the jury that it would not excuse the defendant to say that he did not intend to disturb the congregation. The question is, did he intend to commit the act which *did* disturb the congregation? The jury must be satisfied that there was an actual disturbance occasioned by the defendant's act. It is a general principle that every man is presumed to have intended the necessary consequences of his own acts.

There was a verdict of guilty. Judgment, and appeal by the defendant.

*W. McL. McKay,* and *N. A. McLean,* for appellant.
*Atttorney General Hargrove,* for the State.

SETTLE, J. The defendant is indicted for disturbing a congregation while engaged in divine worship, and the disturbance is alleged to consist in his singing, which is described to be so peculiar as to excite mirth in one portion of the congregation and indignation in the other.

From the evidence reported by his Honor who presided at the trial, it appears that at the end of each verse his voice is heard after all the other singers have ceased, and that the disturbance is decided and serious; that the church members and authorities expostulated with the defendant about his singing and the disturbance growing out of it; to all of which he replied that he would worship his God, and that as a part of his worship it was his duty to sing. It was further in evidence that the defendant is a strict member of the church, and a man of most exemplary deportment.

"It was not contended by the State upon the evidence that he had any intention or purpose to disturb the congre-

gation; but on the contrary, it was admitted that he was conscientiously taking part in the religious services."

This admission by the State puts an end to the prosecution. It is true, as said by his Honor, that a man is generally presumed to intend consequences of his acts, but here the presumtion is rebutted by a fact admitted by the State.

It would seem that the defendant is a proper subject for the discipline of his church, but not for the discipline of the Courts.

PER CURIAM.                                        *Venire de novo.*